IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

CASEY ROSE (26)

CRIMINAL NO. 3:14-CR-367-B

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America hereby submits these Proposed Jury Instructions.

All instructions are from the Fifth Circuit Pattern Jury Instructions, (Criminal Cases,

2012), unless otherwise noted.

Respectfully submitted,

JOHN R. PARKER
UNITED STATES ATTORNEY


/s/  *P.J. Meitl*
P.J. MEITL
D.C. Bar No. 502391
Virginia Bar No. 73215
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8680
Facsimile: 214.659.8809
Email: philip.meitl@usdoj.gov

**Government's Proposed Jury Instructions - Page 1**

## <u>CERTIFICATE OF SERVICE</u>

On <u>August 5, 2015</u>, I electronically submitted the following document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49(b).

<u>s/ *P.J. Meitl*</u>
P.J. Meitl
Assistant United States Attorney

**Government's Proposed Jury Instructions - Page 2**

1.01

STANDARD PRELIMINARY INSTRUCTION BEFORE TRIAL

Members of the Jury:

You are now the jury in this case.  I want to take a few minutes to tell you

something about your duties as jurors and to give you some instructions.  At the end of

the trial I will give you more detailed instructions.  You must follow all of my

instructions in doing your job as jurors.

This criminal case has been brought by the United States government.  I may

sometimes refer to the government as the prosecution.[1]

The defendant has been charged by the government with three different counts,

each alleging criminal violations of federal law, namely:

- Count One – Conspiracy to Possess with Intent to Distribute a Controlled Substance, that is Methamphetamine,

- Count Two – Possession of a Controlled Substance, Methamphetamine, with Intent to Distribute, and

- Count Three – Possession of a Firearm by a Felon.

The charges against the defendant are contained in the second superseding

indictment.  The second superseding indictment is simply the description of the charges

made by the government against the defendant, but it is not evidence that the defendant

committed a crime.  The defendant pleaded not guilty to the charges.  A defendant is

presumed innocent and may not be found guilty by you unless all twelve of you

---

[1]     Here the Pattern includes language identifying counsel for the parties.  The government deleted that language, because the Court will have counsel introduce themselves during voir dire.

**Government's Proposed Jury Instructions - Page 3**

unanimously find that the government has proved defendant's guilt beyond a reasonable doubt.

The first step in the trial will be the opening statements.  The government in its opening statement will tell you about the evidence which it intends to put before you, so that you will have an idea of what the government's case is going to be.  Just as the second superseding indictment is not evidence, neither is the opening statement evidence.  Its purpose is only to help you understand what the evidence will be and what the government will try to prove.

After the government's opening statement, the defendant's attorneys may make an opening statement.  At this point in the trial, no evidence has been offered by either side.

Next, the government will offer evidence that it claims will support the charges against the defendant.  The government's evidence may consist of the testimony of witnesses as well as documents and exhibits.  Some of you have probably heard the terms "circumstantial evidence" and "direct evidence."  Do not be concerned with these terms.  You are to consider all the evidence given in this trial.

After the government's evidence, the defendant's lawyer may present evidence on the defendant's behalf, but the lawyer is not required to do so.  I remind you that the defendant is presumed innocent and that the government must prove the guilt of the defendant beyond a reasonable doubt.  The defendant does not have to prove his innocence.  If the defendant decides to present evidence, the government may introduce rebuttal evidence.

**Government's Proposed Jury Instructions - Page 4**

After you have heard all the evidence from both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to closing arguments. They are not evidence either, but you should pay close attention to them.

The final part of the trial occurs when I instruct you about the rules of law which you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decision. Your deliberations will be secret. You will never have to explain your verdict to anyone.

Now that I have described the trial itself, let me explain the jobs that you and I are to perform during the trial.

I will decide which rules of law apply to this case, in response to questions or objections raised by the attorneys as we go along, and also in the final instructions given to you after the evidence and arguments are completed. You must follow the law as I explain it to you whether you agree with it or not.

You, and you alone, are the judges of the facts. Therefore, you should give careful attention to the testimony and exhibits, because based upon this evidence you will decide whether the government has proved, beyond a reasonable doubt, that the defendant has committed each of the crimes charged against him in the second superseding indictment. You must base that decision only on the evidence in the case and my instructions about the law. You will have the exhibits with you when you deliberate.

**Government's Proposed Jury Instructions - Page 5**

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

The defendant is charged with several offenses.  I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision.  But in order to help you follow the evidence I will now give you a brief summary of the elements of the offenses which the government must prove to make its case.

As to the charge in Count One, Title 21, United States Code, Section 846, makes it a crime to conspire to possess with intent to distribute a controlled substance. Methamphetamine is a controlled substance within the meaning of this law.  For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:      That two or more persons, directly or indirectly, reached an agreement to distribute methamphetamine;

Second:   That the defendant knew the unlawful purpose of the agreement;

Third:     That the defendant joined in the agreement willfully, that is, with the intent to further its unlawful purpose; and

Fourth:    That the overall scope of the conspiracy involved at least 500 grams or more of a mixture of substance containing a detectable amount of methamphetamine.

As to the charge in Count Two, Title 21, United States Code, Section 841 makes it a crime for anyone knowingly or intentionally to possess a controlled substance with

intent to distribute it.  Methamphetamine is a controlled substance within the meaning of this law.   For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | | |
|---|---|---|
| First: | That the defendant knowingly possessed methamphetamine; |
| Second: | That the substance was in fact methamphetamine; and |
| Third: | That the defendant possessed the methamphetamine with the intent to distribute it. |

As to the charge in Count Three, Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), makes it a crime for a convicted felon to knowingly possess a firearm. For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

| | |
|---|---|
| First: | That the defendant knowingly possessed a firearm as charged; |
| Second: | That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and |
| Third: | That the firearm possessed affected interstate commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one State to another. |

During the course of the trial, do not talk with any witness, or with the defendant, or with any of the lawyers in the case.  Please don't talk with them about any subject at all.  You may be unaware of the identity of everyone connected with the case.  Therefore, in order to avoid even the appearance of impropriety, do not engage in any conversation with anyone in or about the courtroom or courthouse.  It is best that you remain in the

**Government's Proposed Jury Instructions - Page 7**

jury room during breaks in the trial and not linger in the halls.   In addition, during the

course of the trial do not talk about the trial with anyone else--not your family, not your

friends, not the people with whom you work.  Also, do not discuss this case among

yourselves until I have instructed you on the law and you have gone to the jury room to

make your decision at the end of the trial.  Otherwise, without realizing it, you may start

forming opinions before the trial is over.  It is important that you wait until all the

evidence is received and you have heard my instructions on rules of law before you

deliberate among yourselves.   Let me add that, during the course of the trial, you will

receive all the evidence you properly may consider to decide the case.  Because of this,

do not attempt to gather any information on your own which you think might be helpful.

Do not engage in any outside reading on this case, do not attempt to visit any places

mentioned in the case, and do not in any other way try to learn about the case outside the

courtroom.

Now that the trial has begun you must not read about it in the newspapers or watch

or listen to television or radio reports of what is happening here.  The reason for these

rules, as I am certain you will understand, is that your decision in this case must be made

solely on the evidence presented at the trial.

At times during the trial, a lawyer may make an objection to a question asked by

another lawyer, or to an answer by a witness.  This simply means that that side is

requesting that I make a decision on a particular rule of law.  Do not draw any conclusion

from such objections or from my rulings on the objections.  These relate only to the legal

**Government's Proposed Jury Instructions - Page 8**

questions that I must determine and should not influence your thinking.  If I sustain an

objection to a question, the witness may not answer it.  Do not attempt to guess what

answer might have been given had I allowed the question to be answered.  Similarly, if I

tell you not to consider a particular statement, you should put that statement out of your

mind, and you may not refer to that statement in your later deliberations.  If an objection

is overruled, treat the answer like any other.

During the course of the trial, I may ask a question of a witness.  If I do, that does

not indicate I have any opinion about the facts in the case.  Nothing I say or do should

lead you to believe that I have any opinion about the facts, nor be taken as indicating

what your verdict should be.

During the trial, I may have to interrupt the proceedings to confer with the

attorneys about the rules of law which should apply here.  Sometimes we will talk here, at

the bench.  Some of these conferences may take time.  So, as a convenience to you, I will

excuse you from the courtroom.  I will try to avoid such interruptions as much as possible

and will try to keep them short, but please be patient, even if the trial seems to be moving

slowly.  Conferences outside your presence are sometimes unavoidable.

Finally, there are three basic rules about a criminal case which you should keep in

mind.

First, a defendant is presumed innocent until proven guilty.  The second

superseding indictment against a defendant brought by the government is only an

**Government's Proposed Jury Instructions - Page 9**

accusation, nothing more.  It is not proof of guilt or anything else.  A defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government until the very end of the case.  A defendant has no burden to prove his or her innocence, or to present any evidence, or to testify.  Since a defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that he or she may not have testified.

Third, the government must prove a defendant's guilt beyond a reasonable doubt.  I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.  Thank you for your attention.

1.03

INTRODUCTION TO FINAL INSTRUCTIONS

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury.  It is my duty to preside over the trial and to decide what evidence is proper for your consideration.  It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about burden of proof and how to judge the believability of witnesses.  Then, I will give you some specific rules of law about this particular case, and, finally, I will explain to you the procedures you should follow in your deliberations.

1.04

DUTY TO FOLLOW INSTRUCTIONS

You, as jurors, are the judges of the facts.  But, in determining what actually happened--that is, in reaching your decision as to the facts--it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you.  You must not substitute or follow your own notion or opinion as to what the law is or ought to be.  It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy.  That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

1.05

PRESUMPTION OF INNOCENCE,
BURDEN OF PROOF, REASONABLE DOUBT

The second superseding indictment or formal charge against a defendant is not evidence of guilt.  Indeed, a defendant is presumed by the law to be innocent.  The law does not require a defendant to prove his or her innocence or produce any evidence at all [and no inference whatever may be drawn from the election of a defendant not to testify].  The government has the burden of proving a defendant guilty beyond a reasonable doubt, and, if it fails to do so, you must acquit him.

While the government's burden of proof is a strict or heavy burden, it is not necessary that a defendant's guilt be proved beyond all possible doubt.  It is only required that the government's proof exclude any "reasonable doubt" concerning a defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case.  Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs.

1.06

EVIDENCE–EXCLUDING WHAT IS NOT EVIDENCE

As I told you earlier, it is your duty to determine the facts.  In doing so, you must consider only the evidence presented during the trial, including the sworn testimony of the witnesses and the exhibits.  Remember that any statements, objections, or arguments made by the lawyers are not evidence.  The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice.  In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case.  What the lawyers say is not binding upon you.

During the trial, I sustained objections to certain questions and exhibits.  You must disregard those questions and exhibits entirely.  Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit.  Also, certain testimony or other evidence has been ordered stricken from the record and you have been instructed to disregard this evidence.  Do not consider any testimony or other evidence which has been stricken in reaching your decision.  Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case.  Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own findings as to the facts.

**Government's Proposed Jury Instructions - Page 14**

1.07

EVIDENCE -- INFERENCES -- DIRECT AND CIRCUMSTANTIAL

While you should consider only the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether the evidence is direct evidence or circumstantial evidence.  You should consider and weigh all of the evidence that was presented to you.  The law makes no distinction between the weight to be given either direct or circumstantial evidence.  But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him guilty.

1.08

CREDIBILITY OF WITNESSES

I remind you that it is your job to decide whether the government has proved the guilt of the defendant beyond a reasonable doubt.  In doing so, you must consider all of the evidence.  This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given the witness's testimony.  An important part of your job will be making judgments about the testimony of the witnesses [including that of a defendant] who testified in this case.  You should decide whether you believe all or any part of what each person had to say, and how important that testimony was.  In making that decision I suggest that you ask yourself a few questions:  Did the person impress you as honest?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness have any relationship with either the government or the defense?  Did the witness seem to have a good memory?  Did the witness clearly see or hear the things about which he testified?  Did the witness have the opportunity and ability to understand the questions clearly and answer them directly?  Did the witness's testimony differ from the testimony of other witnesses?  These are a few of the considerations that will help you determine the accuracy of what each witness said.

**Government's Proposed Jury Instructions - Page 16**

[The testimony of a defendant should be weighed and his credibility evaluated in the same way as that of any other witness.]

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say.  In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other.  Do not reach a conclusion on a particular point just because there were more witnesses testifying for one side on that point.

## 1.11

## IMPEACHMENT BY PRIOR CONVICTION

### (Defendant)

You have been told that the defendant, Casey Rose, was found guilty in —————— of —————(to be determined on basis of testimony at trial).  This conviction has been brought to your attention only because you may wish to consider it when you decide, as with any witness, how much of the defendant's testimony you will believe in this trial.  The fact that the defendant was previously found guilty of that crime does not mean that the defendant committed the crime for which the defendant is on trial, and you must not use this prior conviction as proof of the crime charged in this case.

1.12

## IMPEACHMENT BY PRIOR CONVICTION

(Witness Other Than Defendant)

You have been told that the witness, —————, was found guilty in —————— of —————(to be determined on basis of testimony at trial).  A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility.  It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony.  It is not evidence of anything else.

1.15

ACCOMPLICE – CO-DEFENDANT PLEA AGREEMENT

In this case the government called as one of its witnesses an alleged accomplice, who was not named as a co-defendant in the second superseding indictment but who has been charged and has plead guilty in this same case, with whom the government has entered into a plea agreement.  This agreement provides for a potential reduction in the sentence of this accomplice if the accomplice testifies truthfully at trial.  Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged accomplice, including one who has entered into a plea agreement with the government, is not prohibited from testifying.  On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty.  You should keep in mind that such testimony is always to be received with caution and weighed with great care.  You should never convict a defendant upon the unsupported testimony of an alleged accomplice unless you believe that testimony beyond a reasonable doubt.

The fact that an accomplice has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

1.16

WITNESS'S USE OF ADDICTIVE DRUGS

The testimony of a witness who is shown to have used addictive drugs during the period of time about which the witness testified must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt

1.18

ON OR ABOUT

You will note that the second superseding indictment charges that the offenses were committed on or about specified dates. The government does not have to prove that the crimes were committed on those exact dates, so long as the government proves beyond a reasonable doubt that the defendant committed the crimes on dates reasonably near the dates stated in the second superseding indictment.

1.18

VENUE – CONSPIRACY

The events presented at trial happened in various places.  There is no requirement that the entire conspiracy take place in the Northern District of Texas, but in order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that either the agreement or an overt act took place in this district, even if the defendant never set foot in the district.

An overt act is an act performed to effect the object of a conspiracy, although it remains separate and distinct from the conspiracy itself.  Though the overt act need not be of a criminal nature, it must be done in furtherance of the object of the conspiracy.

Unlike the other elements of the offense, this is a fact that the government has to prove only by a preponderance of the evidence.  This means the government has to convince you only that it is more likely than not that part of the conspiracy took place in the Northern District of Texas.

All other elements of the offense must be proved beyond a reasonable doubt.  You are instructed that Dallas is located in the Northern District of Texas.

1.20

CAUTION--PUNISHMENT

If the defendant is found guilty, it will be my duty to decide what the punishment

will be.  You should not be concerned with punishment in any way.  It should not enter

your consideration or discussion.

1.21

SINGLE DEFENDANT—MULTIPLE COUNTS

A separate crime is charged in each count of the second superseding indictment.

Each count, and the evidence pertaining to it, should be considered separately.  The fact

that you may find the defendant guilty or not guilty as to one of the crimes charged

should not control your verdict as to any other.

1.26

CONFESSION – STATEMENT – VOLUNTARINESS

In determining whether any statement, claimed to have been made by the defendant outside of court and after an alleged crime has been committed, was knowingly and voluntarily made, you should consider the evidence concerning such a statement with caution and great care.  You should give such weight to the statement as you feel it deserves under all the circumstances.  You may consider in that regard such factors as the age, sex, training, education, occupation, and physical and mental condition of the defendant, his treatment while under interrogation, and all the other circumstances in evidence surrounding the making of the statement.

1.31

POSSESSION DEFINED

Possession, as that term is used in this case, may be of two kinds: actual possession and/or constructive possession.

A person who knowingly has direct physical control over a thing, at a given time, is in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.

Possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession is present if you find beyond a reasonable doubt that the defendant had actual or constructive possession, either alone or jointly with others.

1.38

WILLFULLY DEFINED

The word "willfully," as that term has been used from time to time in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law.

1.39

INTERSTATE COMMERCE DEFINED

Interstate commerce means commerce or travel between one State, territory, or possession of the United States and another State, territory, or possession of the United States, including the District of Columbia.

1.40

FOREIGN COMMERCE-DEFINED

Foreign commerce means commerce or travel between any part of the United States, including its territorial waters, and any other country, including its territorial waters.

1.41

## COMMERCE DEFINED

Commerce defined includes travel, trade, transportation, and communication.

1.42

CAUTIONARY INSTRUCTION DURING TRIAL—TRANSCRIPT OF TAPE RECORDED CONVERSATION

Exhibit ———— has been identified as a typewritten transcript of the oral conversation which can be heard on the tape recording received in evidence as Exhibit ———. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

You are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.  It is what you hear on the tape that is evidence, not the transcripts.

2.89

COUNT 1:  CONSPIRACY – 21 U.S. § 846

Title 21, United States Code, Section 846, makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. In this case, the defendant is charged with conspiring to possess with intent to distribute a controlled substance.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.  It is a kind of "partnership in crime" in which each member becomes the agent of every other member.

For you to find the defendant guilty of this crime, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

First:      That two or more persons, directly or indirectly, reached an
            agreement to distribute methamphetamine;

Second:     That the defendant knew the unlawful purpose of the agreement;

Third:      That the defendant joined in the agreement willfully, that is, with the
            intent to further its unlawful purpose; and

Fourth:     That the overall scope of the conspiracy involved at least 500 grams
            or more of a mixture or substance containing a detectable amount of
            methamphetamine.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators.  If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him for

**Government's Proposed Jury Instructions - Page 33**

conspiracy, even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove that the alleged conspirators entered into any formal agreement, nor that they directly stated between themselves all the details of the scheme.  Similarly, the government need not prove that all of the details of the scheme alleged in the second superseding indictment were actually agreed upon or carried out.  Nor must the government prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other, and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy.  Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

2.87

COUNT 2:  POSSESSION WITH INTENT TO DISTRIBUTE – 21 U.S. § 841

Title 21, United States Code, Section 841(a)(1), makes it a crime for anyone knowingly or intentionally to possess a controlled substance with intent to distribute it. Methamphetamine is a controlled substance within the meaning of this law.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:          That the defendant knowingly possessed methamphetamine;

Second:      That the substance was in fact methamphetamine; and

Third:         That the defendant possessed the methamphetamine with the intent to distribute it.

To "possess with intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

The government must prove beyond a reasonable doubt that the defendant knew he possessed a controlled substance, but need not prove that the defendant knew what particular controlled substance was involved.

2.47

## COUNT 3:  POSSESSION OF A FIREARM BY A CONVICTED FELON – 18 U.S.C. § 922 (g)(1)

Title 18, United States Code, Sections 922(g)(1) and 924(a)(2), make it a crime for a convicted felon to knowingly possess a firearm.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First:          That the defendant knowingly possessed a firearm as charged;

Second:      That before the defendant possessed the firearm, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year; and

Third:        That the firearm possessed affected interstate or foreign commerce; that is, before the defendant possessed the firearm, it had traveled at some time from one State to another or from one country to another.

The term "firearm" means any weapon that will or is designed to or may readily be converted to expel a projectile by the action of an explosive.  The term "firearm" also includes the frame or receiver of any such weapon, or any firearm muffler or firearm silencer, or destructive device.

1.24

DUTY TO DELIBERATE--VERDICT FORM

To reach a verdict, whether it is guilty or not guilty, all of you must agree.  Your verdict must be unanimous on each count of the second superseding indictment.  Your deliberations will be secret.  You will never have to explain your verdict to anyone.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so.  Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors.  During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong.  But do not give up your honest beliefs as to the weight or effect of the evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges -- judges of the facts.  Your sole duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A form of verdict has been prepared for your convenience.

The foreperson will write the unanimous answer of the jury in the space provided for in each count of the second superseding indictment, either guilty or not guilty.  At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the marshal.  I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the second superseding indictment, until after you have reached a unanimous verdict.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

CASEY ROSE (26)

CRIMINAL NO. 3:14-CR-367-B

<u>VERDICT OF THE JURY</u>

We, the Jury, find Defendant, Casey Rose:

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 1 of the Second Superseding Indictment:
_____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 2 of the Second Superseding Indictment:
_____

"<u>Guilty</u>" or "<u>Not Guilty</u>" as to Count 3 of the Second Superseding Indictment:
_____