IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

UNITED STATES OF AMERICA

v.

CASEY ROSE (26)

CRIMINAL NO.  3:14-CR-367-B

GOVERNMENT MOTIONS IN LIMINE

The United States of America, by and through its counsel, P.J. Meitl, Assistant United States Attorney for the Northern District of Texas, respectfully requests that before the beginning of evidence in the above-entitled cause this Court direct the defendant, counsel for the defendant, and all witnesses for the defendant not to mention, refer to, interrogate concerning, or bring to the attention of the jury in any manner, directly or indirectly, any of the below listed matters without first approaching the bench and obtaining a ruling on their admissibility. The specific matters are as follows:

*Motion in Limine No. 1:*

The government moves to preclude any direct or indirect references to the sentence that might be imposed should the defendant be convicted of the offenses charged, the conditions Mr. Rose might face in prison if he is convicted and sentenced to a term of imprisonment, and the impact that any sentence may have on his family.  Such references are expressly inadmissible and irrelevant, and would be unfairly prejudicial.  It is well established that a jury may not, in reaching its verdict, consider any possible sentence that might be imposed following conviction. *See Shannon v. United States*, 512 U.S. 573, 579 (1994) (citing *Rogers v. United States*, 422 U.S. 35, 40 (1975)). This

**Agreed Stipulations of Evidence – Page 1 of 3**

principle "is a reflection of the basic division of labor in our legal system between judge and jury. The jury's function is to find the facts and to decide whether, on those facts, the defendant is guilty of the crime charged. The judge, by contrast, imposes sentence on the defendant after the jury has arrived at a guilty verdict." *Id*. at 579.

Thus, the government respectfully requests that the Court instruct the defendant to refrain from referring, in any way, to the sentence that may be imposed on Mr. Rose if he is found guilty, the conditions or might face in prison if he is convicted and sentenced to a term of imprisonment, and the impact any sentence would have on his family.

*Motion in Limine No. 2:*

The government moves to preclude any direct or indirect references to any plea negotiations, whether written or oral, between the defendant and his attorney and the U.S. Attorney's Office. "The public has a strong interest in candid plea negotiations, and proceeding with trial after disclosure of plea negotiations to the jury might have a chilling effect on future plea negotiations in this Court and other courts." *United States v. Nichols*, 2011 U.S. Dist. LEXIS 46282 (E.D. Tex. Apr. 29, 2011).

Thus, the government respectfully requests that the Court instruct the defendant to refrain from referring, in any way, to prior plea negotiations with the government.

## CONCLUSION

The government requests that the Court grant the preceding three motions and that the Court's instructions with regard to these issues apply to all aspects of the trials, including voir dire, opening statements, questioning of witnesses, and closing statements.

Respectfully submitted,

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

s/ *P.J. Meitl*

P.J. MEITL
D.C. Bar No. 502391
Virginia Bar No. 73215
Assistant United States Attorney
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214.659.8680
Facsimile: 214.659.8809
Email: philip.meitl@usdoj.gov

## CERTIFICATE OF SERVICE

On August 31, 2015, I electronically submitted the following document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Criminal Procedure 49(b).

s/ *P.J. Meitl*
P.J. Meitl
Assistant United States Attorney

**Agreed Stipulations of Evidence – Page 3 of 3**